```
                                         USDS SDNY
                                         DOCUMENT
                                         ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT             DOC #: _____
SOUTHERN DISTRICT OF NEW YORK            DATE FILED: 12-16-08
------------------------------------ X
HARIS JAVIER,                        :
                                     :   08 Civ. 7025 (VM)
              Petitioner,            :
                                     :
     - against -                     :   DECISION AND ORDER
                                     :
UNITED STATES OF AMERICA,            :
                                     :
              Respondent.            :
------------------------------------ X
```
**VICTOR MARRERO, United States District Judge.**

Defendant Haris Javier ("Javier") brought this petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed by this Court. Javier pled guilty to a single count of an information charging him with participating in a Hobbs Act robbery, in violation of 18 U.S.C. § 1951. The applicable Sentencing Guidelines range for Javier's offense level of 32 and criminal history category of I was 87 to 108 months' imprisonment. Javier had stipulated to this range in his plea agreement. The Court imposed a term of incarceration of 72 months, and Javier did not appeal the sentence.

In the instant motion, Javier claims ineffective assistance of counsel on the grounds that his attorney: (1) failed to challenge the statute of limitations on an indictment Javier alleges was untimely, and (2) permitted Javier to plea to a charge that lacked a factual basis, specifically an effect on interstate commerce. Javier requests that the Court allow him to proceed to trial or enter

a new plea, or to hold a hearing on counsel's performance. The Court has considered the opposition filed by the Government, for which the Court granted an extension, as well as Javier's reply dated December 3, 2008. For the reasons stated below, Javier's petition is denied.

## I. DISCUSSION

To establish ineffective assistance of counsel, Javier must overcome the "strong presumption" that counsel's conduct was reasonable and demonstrate that counsel's performance fell below "an objective standard of reasonableness" measured by "prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 688-89 (1984). Javier must then show that he suffered prejudice, that is, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Javier has not made this showing for either of his claims.

The allegation that counsel's failure to challenge the statute of limitations on a supposedly untimely indictment is completely without merit. Javier was originally charged with participating in a racketeering conspiracy and a narcotics conspiracy, both of which were alleged to have ended in 2001. He was also charged with a robbery that allegedly took place on July 13, 2000. The statute of limitations periods for those

crimes had not run by the time Javier made his first appearance in this matter on January 10, 2005. Javier ultimately pled guilty to a robbery committed in 1999, charged in an information filed in 2006. Javier consented to the filing of that Information in his plea agreement, which specifically stipulated that Javier waived any defense he might have regarding the statute of limitations. Javier stated under oath at his plea hearing that he understood that as part of the plea agreement, he was giving up any defense based on the statute of limitations. (See Plea Transcript at 17.) Counsel did not raise a statute of limitations defense because Javier himself waived that defense. Counsel's conduct was therefore entirely reasonable, thus warranting denial of Javier's claim of ineffective assistance of counsel on this ground.

Javier's claim that his counsel was constitutionally ineffective because he allowed Javier to plea to a charge lacking a factual basis is also meritless. The district court may rely upon a defendant's statements and the Government's proffer in establishing a factual basis for a guilty plea. See United States v. Maher, 108 F.3d 1513, 1524-25 (2d Cir. 1997). At the plea hearing, Javier stated under oath that he "provided information for [a] robbery to be committed," and affirmed that the robbery was "of someone who [he] understood

-3-

to be engaged in narcotics trafficking." (Plea Transcript at 18.) The Government specified that it would establish that interstate commerce was affected by the proceeds of cocaine trafficking and by the robbery. (See Plea Transcript at 20.) This record is sufficient to establish a factual basis for the charge, because "a criminal defendant's self-inculpatory statements made under oath at his plea allocution ... are generally treated as conclusive in the face of the defendant's later attempt to contradict them." Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999). A factual basis for the charge was clearly established, and it was therefore entirely reasonable for counsel to allow Javier to enter a guilty plea.

Javier has failed to overcome the "strong presumption" that counsel's conduct was reasonable, or to demonstrate that counsel's performance fell below "an objective standard of reasonableness" measured by "prevailing professional norms." Strickland, 466 U.S. at 688-89.

In addition, there is no reasonable basis to sustain a finding satisfying the second element of the Strickland test: that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. See id. at 694. Javier makes no persuasive showing that had it not been for the deficiencies of his counsel that he now alleges he would not have pled guilty, but

-4-

would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). In fact, Javier gained significant benefits from the plea agreement his attorney negotiated, by which several other more serious charges carrying much higher sentencing ranges were dropped.

Accordingly, finding no basis for relief in this action, the Court denies Javier's petition.

## II. ORDER

For the reasons stated above it is hereby

**ORDERED** that the petition (Docket No. 1) of Haris Javier ("Javier") to vacate, set aside, or correct the sentence imposed pursuant to the judgment of conviction rendered upon Javier's guilty plea in this case is DENIED.

As Javier has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c).

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:   New York, New York
         16 December 2008

VICTOR MARRERO
U.S.D.J.