```
                          USDS SDNY
                          DOCUMENT
         IN THE           ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK  DOC #: _____
                          DATE FILED: 7/19/10
```

Haris Javier )
    (Petitioner) )
                 ) Case NO: 1:08CV07025-VM
V. )
                 )             1:01CR00619-VM
United States Of America )
    (Respondent) )

### AMENDED APPLICATION AND SUPPORTING LEGAL MEMORANDUM OF LAW IN SUPPORT OF ISSUANCE OF CERTIFICATE OF APPEALABILITY AND FOR OTHER RELIEF

Haris Javier, Petitioner herein (hereinafter "Javier") and for his Amended Application and Supporting Legal Memorandum of Law In Support of the Issuance of a Certificate of Appealability and for Other Relief, and in support thereof, states as follows:

### PROCEDURAL CASE HISTORY

On or about July 18, 2008, Javier filed his Motion for Post Conviction Relief pursuant to 28 U.S.C. §2255. On December 16, 2008, the Court denied Javier's motion. On or about July 13, 2009, Javier filed his Application and Supporting Memorandum of Law in support of the issuance of a Certificate of Appealablilty. On October 19, 2009, the Second Circuit issued its mandate, denying as moot Javier's application, ruling the same was untimely filed. On or about November 13, 2009, Javier filed his request for Correction of Clerical Mistake or Omission pursuant to Rule 36 of the Federal

(1)

Rules of Criminal Procedure. On May 3, 2010, the Government filed its response to Javier's request, agreeing to allow Javier to proceed with his arguments on the merits as had been presented in his application for COA), notwithstanding the timeliness issue. Javier attaches all relevant motions and Court orders, attached hereto as Group Exhibit A, to assist the Court in its review herein.

## STANDARD FOR GRANTING A COA

28 U.S.C. §2253(c)(1) reads, in pertinent part, as follows: Unless a circuit justice or judge issues a Certificate of Appealability, an appeal may not be taken from the Court of Appeals from... (B) the final order in a proceeding under Section 2255.

28 U.S.C. §2253(c) reads in pertinent part, as follows: "A Certificate of Appealability may issue under Paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."

Miller-El V. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003), sets the following standards for the issuance of a COA: "The COA determination under §2253(c) requires an overview of the claims in the habeas petition and the general assessment of their merits. We look to the District Court's application of the AEDPA to petitoner's constitutional claims and ask whether the resolution was debatable amongst jurist of reason." This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claim. In fact, the statute forbids it. When a court of appeals sidesteps this

process by first deciding on the merits of the appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction. Id.

A Certificate of Appealability may be issued where the defendant proves a substantial showing of the denial of a constitutional right. Jackson V. Albany Appeal Bureau Unit. 442 F.3d 51, 53 (2nd Cir. 2006) (Quoting Miller-El, supra, 537 U.S. 322, 123 S.Ct. 1029). A substantial showing does not require proof of prevailing on the claim; rather, the defendant can obtain a certificate if he can prove that the issue is debatable among jurists of reason. Ludicore V. New York, 209 F.3d 107, 112 (2nd Cir. 2000).

The Petitioner submits that he can meet this standard, and is entitled to a COA on the issues raised herein.

### ISSUES FOR CONSIDERATION

A. Whether the District Court erred in denying Javier's §2255 petition without first requiring an evidentiary hearing to expand and establish a sufficient record to make a proper substitute ruling.

B. Whether Javier's §2255 petition's presentation of uncontroverted factual affidavit testimony supporting his ineffective assistance claims necessarily entitled him to an evidentiary hearing.

## ARGUMENT

A. **The District Court erred in its denial of Javier's §2255 Petition <u>without first</u> requiring an evidentiary hearing to expand and establish a sufficient record to allow for a proper substantive ruling.**

Javier's factually uncontroverted affidavit testimony exhibits to his §2255 petition necessarily requires the Court to hold an evidentiary hearing to determine whether the sum and substance of that testimony warrants relief. Most critically (and particularly) at this phase of the proceeding, the Supreme Court has held that the proper standard of issuance of a COA is a substantial showing of the denial of a constitutional right, not proof that the Petitioner will likely prevail. See <u>Miller-El V. Cockrell</u>, 537 U.S. 322 122 S.Ct. 1029, 154 L.Ed. 2d. 931 (2003).

Here, the Court's election to deny Javier's motion without first requiring the government to respond to the motion (and, in so doing, challenge the Government to securing counter-affidavit testimony to factually rebut Javier's uncontroverted testimony) was in error and was violative of the principles set forth by the Supreme Court in <u>Miller-El</u>. Critically as well, the Court, in its denial order dated December 16, 2008, errs in its conclusion that Javier failed to adequately establish that his counsel was ineffective in his alleged failure to challenge the sufficiency of Javier's indictment on statute of limitations grounds. Specifically, in its order, the Court stated as follows:

> The allegation that counsel's failure to challenge the statute of limitations on a supposedly untimely indictment is completely without merit. Javier was originally charged with participating in a racketeering conspiracy and a narcotics conspiracy, both of which were alleged to have ended in 2001. He was also charged with a robbery that allegedly took place on July 13, 2000. The statute of limitations periods for the crimes had not run by the time Javier made his first appearance in this matter on January 10, 2005."

The Court's acknowlegement that the "end dates" for Javier's alleged conduct was within the one-year statutory period was alleged by the Government, coupled with Javier's affidavit testimony, necessarily leads to a factual uncertainty of an issue which would be debatable among reasonable jurists. Ludicone V. New York, 209 F.3d 107, 112 (2nd Cir. 2000)

**B. Javier's §2255 Petition's presentation of uncontroverted factual affidavit testimony supporting his claims of ineffective assistance entitles him to an evidentiary hearing.**

The due process clause of the Fifth Amendment to the United States Constitution requires that a §2255 reviewing court grant a Petitioner's request for an evidentiary hearing where (as here) there exists disputed issues of material fact that the existing record dosen't adequately address or answer. See Blackledge V. Allison, 431 63. 70, 97 S.Ct. 1621, 52 L.Ed. 2d 136 (1977).

In the instant case, Javier's presentation of he and his sister's affidavit testimony, and the Government's failure to counter or rebut this affidavit testimony necessarily creates a materially significant issue of fact which, at a minimum requires the Court to reconcile before rendering a final decision in the

(5)

propriety of Javier's §2255 claims of ineffective assistance of Counsel.

The Court's summary denial of the motion without a hearing runs afoul of the Fifth Amendment and is, therefore, unlawful.

Based upon the foregoing, Javier respectfully requests that this Honorable Court grant Javier's request for a certificate of appealability with further direction to the District Court to schedule an evidentiary hearing consistent with the factual and legal positions presented herein.

## CONCLUSION

Javier has satisfied the United State's Supreme Court's articulated and established standard for the issuance of a certificate of appealability. Javier has substantially showed and demonstrated that his claims of ineffective assistance are in factual dispute and are debatable among jurists or reason. Further, in that the Government, in its May 3, 2010 letter response, conceeded the otherwise previously decided procedural default (due to Javier's purported untimely filing), there is, no longer any procedural hurdle for Javier to argue and defend at this time.

Based upon the entirely uncontroverted affidavit testimony submitted by Javier as exhibits to his §2255 petition, he is, at minimum, constitutionally entitled to an evidentiary hearing to more fully develop the record herein.

Based on the foregoing, the Petitioner, Haris Javier respectfully requests this Honorable Court enter an Order in

(6)

accordance with the foregoing, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

This 12 06 July, 2010

Haris Javier/ Pro se

Haris Javier

Reg. No. 57277-054

FCI Loretto

P.O. Box 1000

Loretto, PA. 15940

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by petitioner Haris Javier.
>
> SO ORDERED.
>
> 7-16-10
> DATE      VICTOR MARRERO, U.S.D.J.

(7)